IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LOUIS BARLOW<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>HEALTHEXTRAS INC.; FEDERAL INSURANCE COMPANY, a member insurer of the Chubb Group of Insurance Companies; and SKLOVER GROUP<br><br>Defendants. | ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE MAGISTRATE JUDGE'S ORDER DISQUALIFYING RICH HUMPHERYS AS ARBITRATOR<br><br><br><br><br><br>Case No. 2:05cv00189 PGC |

    The plaintiff, Louis Barlow, has moved to set aside a magistrate judge order disqualifying Rich Humphreys as an arbitrator in this case. Mr. Barlow claims district courts lack the authority to rule on pre-award arbitration issues. After reviewing the parties' detailed briefing (which is apparently more detailed than that provided to the magistrate judge), the court finds it does, indeed, lack authority to disqualify an arbitrator prior to issuance of the arbitration award. The court, therefore, reverses the order disqualifying Rich Humphreys as an arbitrator.

**BACKGROUND**

On September 9, 2005, the court signed an order, pursuant to the defendants' motion to compel arbitration, compelling the parties to arbitrate their claims.  The court subsequently confirmed this order on January 10, 2006.

The parties' arbitration clause provides for arbitration to be conducted by a panel.  The panel is to consist of three members, with each side to select an arbitrator and the two party-selected arbitrators to jointly select the third arbitrator.  The parties agreed all three members of the arbitration panel must be neutral and impartial, as opposed to "party arbitrators."  In accordance with the arbitration clause, the defendants selected P. Keith Nelson to serve on the arbitration panel, and Mr. Barlow selected Mr. Humpherys.  Mr. Nelson and Mr. Humpherys then selected Francis J. Carney to serve as the third member of the panel.  Several months later, on March 24, 2006, Mr. Humphreys filed a complaint on behalf of his clients against one of Federal Insurance Company's sister companies and the Chubb Group.

As a result of Mr. Humpherys' involvement in the March 24, 2006, lawsuit, the defendants moved to disqualify Mr. Humphreys as an arbitrator.  They argued that under Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10(a)(2), Mr. Humphreys' pending lawsuit constituted "evident partiality" and, therefore, Mr. Humphreys should be removed prior to an award of arbitration being entered.  Mr. Barlow apparently was unaware of Mr. Humphreys' suit against Federal's sister companies and Chubb, or the underlying similar facts of the case, until contacted by the defendants.

The Magistrate Judge (Judge Alba) held a hearing on the disqualification motion on

August 31, 2006. At the conclusion of the hearing, the Magistrate Judge issued a bench ruling granting the defendants' motion, disqualifying Mr. Humphreys, and providing that Mr. Barlow may have until September 29, 2006, in which to designate a replacement arbitrator. Specifically, in his order, the Magistrate Judge concluded that Mr. Humphreys' involvement in the other lawsuit created an "inherent conflict with his role as a neutral arbitrator" and showed evident partiality.[1]

On September 19, 2006, Mr. Barlow timely objected to the order.[2] Mr. Barlow argues the decision to disqualify Mr. Humphreys was incorrect on the merits and argues district courts lack authority to disqualify arbitrators prior to the grant of an arbitration award. Because the Magistrate Judge ruled on the merits of Mr. Humphreys' partiality, the court will not address this issue further. The court will, however, address the issue of the court's authority to disqualify an arbitrator prior to issuance of an arbitration award.

## DISCUSSION

Mr. Barlow contests the Magistrate Judge's legal conclusion that the court has authority to rule on the defendants' pre-arbitration-award motion is contrary to law. He supports his claim with the language of the Federal Arbitration Act ("FAA") and case law from the Second and Fifth Circuits. The Magistrate Judge apparently did not have the benefit of the parties' detailed briefing as to a district court's authority to decide such issues; however, this briefing reveals the court lacks authority to disqualify an arbitrator prior to issuance of the arbitration award.

---

[1] Order, Docket No. 54.

[2] *See* Fed. R. Civ. P. 72(a); D.U. Civ. R. 74-1.

The FAA states that "the United States court in and for the district wherein the award *was made* may make an order *vacating the award* upon the application of any party to the arbitration . . . (2) where there *was* evident partiality . . . in the arbitrators . . . ."[3] Mr. Barlow argues this language "unambiguously indicates Congress's intent to authorize this type of motion *after* an award for arbitration has been made — but not before."[4] The past tense language of the FAA along with the reference to vacating an award does seem to indicate the authority of the district court to make decisions in arbitration cases only vests after an arbitration award has been granted.

The notion that district courts lack inherent authority to rule on pre-award motions is supported by the Fifth Circuit in *Gulf Guaranty Life Ins. Co. v. Connecticut General Life Ins. Co.*[5] In this case, a party filed a motion in the district court to have the opposing party's arbitrator removed based on his qualifications. The district court granted this motion, but the Fifth Circuit reversed the district court's decision. In its detailed discussion of the court's authority in this regard, the Fifth Circuit explained that "under the FAA, jurisdiction by the courts to intervene into the arbitral process prior to issuance of an award is very limited."[6]

> [E]ven where arbitrator bias is at issue, the FAA does not provide for removal of an arbitrator from service prior to an award, but only for potential vacatur of any award. *See* 9 U.S.C.A. § 10 (1999). Thus, the FAA does not expressly endorse court inquiry into the capacity of any arbitrator to serve prior to issuance of an arbitral award.

---

[3] 9 U.S.C. § 10 (emphasis added).

[4] Pl.'s Mem. in Support of Mot. to Set Aside Magistrate Judge's Order 5, Docket No. 56.

[5] 304 F.3d 476 (5th Cir. 2002).

[6] *Id.* at 486.

More importantly, the FAA appears not to endorse court power to remove an arbitrator for any reason prior to issuance of an arbitral award."[7]

The Second Circuit came to a similar conclusion in *Michaels v. Mariforum*,[8] finding that "it is well established that a district court cannot entertain an attack upon the qualifications or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award."[9]  Along those same lines, in *Florasynth, Inc. v. Pickholz*,[10] the Second Circuit held that, "The Arbitration Act does not provide for judicial scrutiny of an arbitrator's qualifications to serve, other than in a proceeding to confirm or vacate an award . . . ."[11]  Each of these courts has unambiguously held that a district court lacks authority to rule on arbitration issues prior to the arbitration award, supporting Mr. Barlow's claim that this court also lacks such authority.

To argue in support of the court's authority to make a pre-award disqualification, the defendants have relied on a Tenth Circuit case, *Ormsbee Development Co. v. Santa Fe Pacific Railroad*.[12]  However, this case is inapposite in that it only addresses courts' authority to rule on cases *after* an arbitration award has been granted.  The Tenth Circuit has not addressed a court's pre-award authority to disqualify an arbitrator.  The Defendant has also relied heavily on a District of Connecticut case, *Metropolitan Property & Casualty Ins. Co. v. J.C. Penney Casualty*

---

[7]*Id.* at 490.

[8]624 F.2d 411 (2d Cir. 1980).

[9]*Id.* at 414 n.4.

[10]750 F.2d 171, 174 (2d Cir. 1984).

[11]*Id.* at 174.

[12]668 F.2d 1140 (10th Cir. 1982).

*Ins. Co.*[13] While this case does state that district courts have authority to disqualify an arbitrator prior to issuance of the arbitration award, this court finds the approach of the Second and Fifth Circuits to be more well-reasoned.

As a final note, although the court finds it necessary to reverse the Magistrate Judge's disqualification of Mr. Humphreys for lack of jurisdiction, this reversal does not invalidate Magistrate Judge's previously-rendered conclusion that Mr. Humphreys' is no longer in a position to serve as a neutral arbitrator in this case. It would be unfortunate for Mr. Barlow to go through the time and expense of arbitrating his disputes only to face a potentially valid challenge to Mr. Humphreys' impartiality after issuance of the arbitration award. To prevent such subsequent litigation, the court wonders whether Mr. Humphreys would best serve Mr. Barlow — and the interests of an arbitration perceived to be fair by all concerned — by stepping down, of his own volition.

## CONCLUSION

For the foregoing reasons, the court reverses Magistrate Judge Alba's order disqualifying Rich Humphreys as an arbitrator, and GRANTS Mr. Barlow's motion [#56].

DATED this 13th day of November, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[13] 780 F. Supp 885 (D. Conn. 1991).